### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CLEANER'S SUPPLY, Inc.

       Plaintiff

       v.

NATIONAL SUPPLY, LLC, D/B/A
NATIONAL CLEANER'S SUPPLY

and

PAUL LEE

       Defendants

- - - - - - - - - - - - - - - - - - - - - - - - - - -X



JUDGE McMAHON

07 CV 3538

Civil Action No.

RECEIVED
MAY 03 2007
U.S.D.C. S.D. N.Y.
CASHIERS

### COMPLAINT

Plaintiff, Cleaner's Supply, Inc. ("CLEANER'S SUPPLY") alleges against defendants National Supply LLC d/b/a/ National Cleaner's Supply ("NATIONAL SUPPLY") and Paul Lee ("LEE") collectively referred to as "Defendants" as follows:

### JURISDICTION AND VENUE

1. This is an action for the infringement of a registered trademark, for unfair competition, and for trade name infringement arising under the Lanham Act, 15 USC §1051 et seq and various statutes of the State of New York. This Court has jurisdiction of this action under 15 USC §1121, 28 USC §1331, 28 USC §1338, 28 USC §1367 and under 28 USC §1332, the parties being citizens of different states and the matter in controversy exceeding the sum of $75,000, exclusive of interest and costs.

2.   Venue is proper in this district under 28 USC §1391, this being a judicial district where Defendants are doing business and in which a substantial part of the events giving rise to the causes of action occurred.

## THE PARTIES

3.   Plaintiff CLEANER'S SUPPLY is a corporation organized and existing under the laws of the State of New York having its principal place of business at 1059 Powers Road, Conklin, New York 13748.

4.   Defendant NATIONAL SUPPLY is, upon information and belief, a company organized and existing under the laws of the State of California, having a place of business at 4559 Firestone Blvd. Southgate CA 90280.

5.   Defendant LEE is, upon information and belief, is an individual whose address is c/o National Supply, 4559 Firestone Blvd. Southgate CA 90280.

## BACKGROUND

6.   CLEANER'S SUPPLY is a leading supplier, distributor and seller of products for use in the laundering and dry cleaning industries.

7.  CLEANER'S SUPPLY markets, distributes and sells an extensive line of products for use in the laundering and dry cleaning industries under its registered trademarks "CLEANER'S SUPPLY" and "CLEANER'S SUPPLY in Design" within the State of New York, in interstate commerce and throughout the United States..

8. Since at least as early as 1992, CLEANER'S SUPPLY has extensively and continuously used the registered "CLEANER'S SUPPLY" trademark within the State of New York and in interstate commerce in conjunction with the marketing, offering for sale and sale of product for use in the laundering and dry cleaning industries.

9. Since at least as early as 1996, CLEANER'S SUPPLY has extensively and continuously used the registered "CLEANER'S SUPPLY in Design" trademark within the State of New York and in interstate commerce in conjunction with the marketing, offering for sale and sale of products for use in the laundering and dry cleaning industries.

10. Since at least as early as 1992, CLEANER'S SUPPLY has extensively and continuously used the trade name "CLEANER'S SUPPLY" within the State of New York and in interstate commerce in conjunction with the marketing, offering for sale and sale of products for use in the laundering and dry cleaning industries.

11.     CLEANER'S SUPPLY is the owner of U.S. Registration No. 2,062,378 issued May 13, 1997 of the trademark "CLEANER'S SUPPLY in Design" for packaging supplies, for use in the laundering and dry cleaning industries, namely, cardboard clothing boxes, plastic clothing bags and paper clothing accessory bags; cleaner's accessories, namely, printed paper labels, paper tags and stickers, cardboard clothing boards and forms, and cardboard hanger guards; and tailor's chalk in International Class 16 and tailoring accessories, namely, safety pins, for clothing buttons and zippers in International Class 26. Exhibit 1 hereto is a copy of that registration.

12. CLEANER'S SUPPLY is the owner of U.S. Registration No. 2,399,950 issued October 31, 2000 of the trademark "CLEANER'S SUPPLY" for

packaging packaging supplies for use in the garment care industry, namely, cardboard boxes, plastic bags, paper accessory bags, printed paper labels, paper tags and stickers, cardboard boards and forms in International Class 16. Exhibit 2 hereto is a copy of that registration.

13.    CLEANER'S SUPPLY is the owner of U.S. Registration No. 2,777,590 issued October 28, 2003 of the trademark "CLEANER'S SUPPLY in Design" for packaging supplies for use in the laundering and dry cleaning industries, namely, cardboard clothing boxes, plastic clothing bags and paper clothing accessory bags; paper garment covers, tissues, paper and plastic tie bags; cleaner's accessories, namely, printed paper labels, paper tags and stickers, cardboard clothing boards, cardboard forms, and cardboard hanger guards in International Class 16. Exhibit 3 hereto is a copy of that registration.

14. The above trademark registrations are valid, subsisting and enforceable.

15. Registration No. 2,062,378 and Registration No. 2,399,950 noted above have become and are incontestable.

16. Through continuous and extensive use and promotion in interstate commerce for over 15 years on products for use in the laundering and dry cleaning industries by CLEANER'S SUPPLY, the registered "CLEANER'S SUPPLY" trademark has become a famous trademark in the United States, among the public and the trade, as indicating CLEANER'S SUPPLY as the source of products for use in the laundering and dry cleaning industries.

17. Through continuous and extensive use and promotion in interstate commerce for over 11 years on products for use in the laundering and dry cleaning industries by CLEANER'S SUPPLY, the registered "CLEANER'S SUPPLY in Design" trademark has become a famous trademark in the United States, among the public and the trade, as indicating CLEANER'S SUPPLY as the source of products for use in the laundering and dry cleaning industries.

18. Upon information and belief, NATIONAL SUPPLY is a marketer, distributor and supplier of products for use in the laundering and dry cleaning industries in interstate commerce that are offered for sale and sold to laundering and dry cleaning establishments throughout the United States, including the State of New York.

19. Upon information and belief, NATIONAL SUPPLY markets and sells its products for use in the laundering and dry cleaning industries in interstate commerce to laundering and dry cleaning establishments under the trademark and trade name "CLEANER'S SUPPLY" in direct competition with the products of CLEANER'S SUPPLY.

20. Upon information and belief, the products sold by NATIONAL SUPPLY are of inferior quality as compared to the products sold by CLEANER'S SUPPLY.

21. Upon information and belief, LEE is a principal and owner of NATIONAL SUPPLY and is personally responsible for the operations of NATIONAL SUPPLY, including the activities complained of herein.

## FIRST COUNT

### (Infringement of Registered Trademarks)

22.    CLEANER'S SUPPLY repeats and realigns each of the allegations set forth in Paragraphs 1 through 21 of the Complaint above, as though same were fully set forth herein.

23.    Without authorization of CLEANER'S SUPPLY, Defendants have and are marketing, offering for sale and selling, in interstate commerce, products for use in the laundering and dry cleaning industries using a trademark and trade name that is identical to or a confusingly similar imitation of the registered "CLEANER'S SUPPLY" trademark and the registered "CLEANER'S SUPPLY in Design" trademark owned by CLEANER'S SUPPLY. Those products are sold through the same channels of trade, to the same classes of customers, as the products sold by CLEANER'S SUPPLY and in direct competition with the products sold by CLEANER'S SUPPLY.

24.    Defendants' unauthorized use of a trademark and trade name including the registered "CLEANER'S SUPPLY" trademark and the registered "CLEANER'S SUPPLY in Design" trademark owned by CLEANER'S SUPPLY, or a confusingly similar imitation thereof, in direct competition with products sold by CLEANER'S SUPPLY, has caused and will continue to cause confusion, to cause mistake and to deceive purchasers and potential purchasers as to the source or origin of Defendants' products.

25.    The activities of Defendants as aforesaid constitute an infringement of the trademark rights of CLEANER'S SUPPLY embodied in its United States

Trademark Registrations set forth above, contrary to the express provisions of 15 U.S.C. 1114(1) of the Lanham Act in that Defendants, without the authorization of CLEANER'S SUPPLY, have used and are using in commerce the registered trademarks of CLEANER'S SUPPLY set forth above, or a confusingly similar imitation thereof, in connection with the sale, offering for sale and advertising of products for use in the laundering and dry cleaning industries in interstate commerce, all to the damage and detriment of CLEANER'S SUPPLY.

26.    Upon information and belief, Defendants' infringing activities are and have been undertaken and carried out with knowledge of CLEANER'S SUPPLY'S prior rights in and to its above noted registered trademarks in connection with the marketing of products in the laundering and dry cleaning industries within the United States, all for the purpose of capitalizing on the substantial reputation and goodwill of CLEANER'S SUPPLY.

27.    All of the acts of Defendants herein complained of in the preceding paragraphs are calculated to and will invariably cause substantial damage to the reputation and goodwill of CLEANER'S SUPPLY. Unless enjoined by this Court, said unlawful and unauthorized acts of Defendants will inevitably cause confusion, mistake or deception and will lead or tend to lead the trade and public to believe erroneously that the goods of Defendants originate with CLEANER'S SUPPLY or are being sold with the consent, authorization and/or approval of CLEANER'S SUPPLY, by reason of which the reputation and goodwill of CLEANER'S SUPPLY will be subject to the hazards and perils attendant upon the activities of Defendants, over which CLEANER'S SUPPLY has no control.

## SECOND COUNT

### (Unfair Competition)

28.    CLEANER'S SUPPLY repeats and realigns each of the allegations set forth in paragraphs 1 through 27 of the Complaint above as though fully set forth herein.

29.    Defendants have used and are using the above noted registered trademarks of CLEANER'S SUPPLY, or a confusingly similar imitation of thereof, on or in conjunction with the sale of their products, as a false description and a false representation that the products for use in the laundering and dry cleaning industries offered by them originate with, are sponsored by or are connected with CLEANER'S SUPPLY.

30.    Upon information and belief, Defendants have used and are using the above noted registered trademarks of CLEANER'S SUPPLY, or a confusingly similar imitation of thereof, in their advertising and promotional activities without authorization in a manner which is likely to cause confusion, or to cause mistake, or to deceive as to the origin, affiliation, sponsorship or approval by CLEANER'S SUPPLY of Defendants' goods, or commercial activities.

31    These actions of Defendants violate 15 U.SC. §1125(a) of the Lanham Act, and CLEANER'S SUPPLY is and is likely to continue to be damaged by such illegal acts.

## THIRD COUNT

### (Trade Name Infringement)

32.    CLEANER'S SUPPLY repeats and realigns each of the allegations set forth in paragraphs 1 through 31 of the Complaint above as though fully set forth herein.

33.    Defendants' marketing and sale of products for use in the laundering and dry cleaning industries in conjunction with a trade name that consists of or includes the registered trademark "CLEANER'S SUPPLY" or a confusingly similar imitation thereof, constitutes trade name infringement under 15 U.S.C. §1125(a).

## FOURTH COUNT

### (Violation of New York General Business Law)

34.    CLEANER'S SUPPLY repeats and realigns each of the allegations set forth in paragraphs 1 through 33 of the Complaint above as fully set forth herein.

35.    In violation of New York General Business Law § 368-d, each of the Defendants have injured the business reputation of CLEANER'S SUPPLY and/or have diluted the distinctive quality of the registered trademarks and trade name of CLEANER'S SUPPLY.

36.    CLEANER'S SUPPLY has been and will continue to be damaged by Defendants' above-stated activities and conduct. Defendants have profited thereby and, unless enjoined by this court, the business, goodwill and reputation of CLEANER'S SUPPLY will suffer irreparable injury which cannot be adequately calculated or compensated for solely by money damages.

## FIFTH COUNT

### (Violation of New York Common Law)

37.    CLEANER'S SUPPLY repeats and realigns each of the allegations set forth in paragraphs 1 through 36 of the Complaint above as fully set forth herein.

38.    In violation of the common law of the State of New York, each of the Defendants are and have unfairly competed with CLEANER'S SUPPLY by selling counterfeit CLEANER'S SUPPLY products.

39.    CLEANER'S SUPPLY has been and continues to be damaged by Defendants' above-stated activities and conduct. Defendants have profited thereby and, as a result, CLEANER'S SUPPLY is entitled to punitive damages from Defendants and each of them.

**WHEREFORE, CLEANER'S SUPPLY** prays that:

(1)    Each of the Defendants and those in privity with each of them and their officers, attorneys, agents, employees and representatives and all other persons acting on their behalf or under their direction be preliminarily and permanently enjoined and

restrained from using, in connection with the offering for sale, distribution or sale of products for use in the laundering and dry cleaning industries:

(a)    any design, symbol, style, device or mark or any combination thereof which infringes United States Registration No. 2,062,378;

(b)    any design, symbol, style, device or mark or any combination thereof which infringes United States Registration No. 2,399,950;

(c)    any design, symbol, style, device or mark or any combination thereof which infringes United States Registration No. 2,777,590;

(d)    any trademark or trade name that consists of  or includes CLEANER'S SUPPLY or any confusingly similar imitation thereof;

(e)    any design, symbol, style, device or mark which is likely to confuse, or to cause mistake or to deceive or to otherwise mislead the trade or public into believing that products sold by Defendants are in any way connected with, related to or under the supervision or control of CLEANER'S SUPPLY;

(f)    any design, symbol, style, device or mark which injures or creates a likelihood of injury to the business reputation and goodwill of CLEANER'S SUPPLY or creates a likelihood of the dilution or misappropriation of the goodwill appurtenant to the trademark or trade name of CLEANER'S SUPPLY; and

(g)    any trade practice whatsoever which unfairly tends to injure or infringe upon the business of CLEANER'S SUPPLY and the goodwill appurtenant thereof.

2.     Defendants and each of them be ordered to pay to CLEANER'S SUPPLY the damages CLEANER'S SUPPLY has suffered and will suffer by reason of their illegal conduct complained of herein, in an amount to be determined at trial, and that such damages be trebled pursuant to 15 U.S.C. §1117.

3.     Defendants and each of them be ordered to account for and pay over to CLEANER'S SUPPLY all gains, profits and advantages derived from the activities herein complained of.

4.     Defendants and each of them, their officers, attorneys, agents, employees and representatives and all persons in privity with them deliver up to this Court for destruction all goods, name plates, labels, signs, prints, packages, boxes, wrappers, advertisements and the like in their possession or control bearing the imitations of the registered trademark and/or trade name of CLEANER'S SUPPLY, and all plates, molds, matrices, and other means of making the same in their possession, custody and control.

5.     Defendants and each of them be ordered to pay to CLEANER'S SUPPLY punitive and exemplary damages as punishment for their intentional acts of misconduct and to deter any future misconduct by them.

6.     Defendants and each of them be required to pay to CLEANER'S SUPPLY its litigation expenses, including reasonable attorneys' fees and the costs of this action.

7.     Defendants and each of them be required to pay to CLEANER'S SUPPLY interest on the foregoing as provided by law.

8.    CLEANER'S SUPPLY be granted such other and further relief as to the

Court seems just and proper.


                                    Respectfully submitted,

                                    Epstein Drangel Bazerman & James, LLP

Dated: May 3, 2007                  BY:  _____

                                    Robert L. Epstein (RE 8941)
                                    Jason M. Drangel (JD 7204)
                                    William C. Wright (WW 2213)

                                    Attorneys for Plaintiff

                                    60 East 42nd Street, Suite 820
                                    New York, NY 10165
                                    Tel.: (212) 292-5390
                                    Fax: No. (212) 292-5391

## JURY DEMAND

Plaintiff hereby requests a trial by jury of all issues that are triable by jury.

Epstein Drangel Bazerman & James, LLP

Dated: May 3, 2007           BY:

Robert L. Epstein (RE 8941)
Jason M. Drangel (JD 7204)
William C. Wright (WW 2213)

Attorneys for Plaintiff

60 East 42nd Street, Suite 820
New York, NY 10165
Tel.: (212) 292-5390
Fax: No. (212) 292-5391

# EXHIBIT 1

Int. Cls.: **16 and 26**

Prior U.S. Cls.: **2, 5, 22, 23, 29, 37, 38, 39, 40, 42, and 50**

Reg. No. 2,062,378

Registered May 13, 1997

## United States Patent and Trademark Office

### TRADEMARK
### SUPPLEMENTAL REGISTER



CLEANER'S SUPPLY, INC. (NEW YORK COR-
PORATION)
2320 LEWIS STREET
ENDWELL, NY 13760

FOR: PACKAGING SUPPLIES, FOR USE IN
THE LAUNDERING AND DRY CLEANING IN-
DUSTRIES, NAMELY, CARDBOARD CLOTH-
ING BOXES, PLASTIC CLOTHING BAGS AND
PAPER CLOTHING ACCESSORY BAGS;
CLEANER'S ACCESSORIES, NAMELY, PRINT-
ED PAPER LABELS, PAPER TAGS AND
STICKERS, CARDBOARD CLOTHING
BOARDS AND FORMS, AND CARDBOARD
HANGER GUARDS; AND TAILOR'S CHALK,

IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38
AND 50).
FIRST USE 10-1-1995; IN COMMERCE
10-1-1995.
FOR: TAILORING ACCESSORIES, NAMELY,
SAFETY PINS, FOR CLOTHING BUTTONS
AND ZIPPERS, IN CLASS 26 (U.S. CLS. 37, 39,
40, 42 AND 50).
FIRST USE 10-1-1995; IN COMMERCE
10-1-1995.

SER. NO. 75-032,282, FILED P.R. 12-13-1995;
AM. S.R. 12-23-1996.

JEFFERY COWARD, EXAMINING ATTORNEY

EXHIBIT 1

# EXHIBIT 2

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,399,950

Registered Oct. 31, 2000

## TRADEMARK
### PRINCIPAL REGISTER

# CLEANER'S SUPPLY

CLEANER'S SUPPLY, INC. (NEW YORK CORPORA-
TION)
1059 POWERS ROAD
CONKLIN, NY 13748

FOR: PACKAGING SUPPLIES FOR USE IN THE
GARMENT CARE INDUSTRY, NAMELY, CARD-
BOARD BOXES, PLASTIC BAGS, PAPER ACCES-
SORY BAGS, PRINTED PAPER LABELS, PAPER
TAGS AND STICKERS, CARDBOARD BOARDS AND

FORMS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29,
37, 38 AND 50).
FIRST USE 3–18–1992; IN COMMERCE 3–18–1992.
OWNER OF U.S. REG. NO. 2,062,378.
SEC. 2(F).

SER. NO. 75–831,619, FILED 10–25–1999.

STEVEN R. FINE, EXAMINING ATTORNEY

EXHIBIT 2

# EXHIBIT 3

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,777,590
Registered Oct. 28, 2003

## TRADEMARK
### PRINCIPAL REGISTER



CLEANER'S SUPPLY, INC. (NEW YORK COR-
PORATION)
1059 POWERS ROAD
CONKLIN, NY 13748

FOR: PACKAGING SUPPLIES FOR USE IN THE
LAUNDERING AND DRY CLEANING INDUS-
TRIES, NAMELY, CARDBOARD CLOTHING
BOXES, PLASTIC CLOTHING BAGS AND PAPER
CLOTHING ACCESSORY BAGS, PAPER GARMENT
COVERS, TISSUES, PAPER AND PLASTIC TIE
BAGS; CLEANER'S ACCESSORIES, NAMELY,
PRINTED PAPER LABELS, PAPER TAGS AND
STICKERS, CARDBOARD CLOTHING BOARDS,
CARDBOARD FORMS AND CARDBOARD HANG-
ER GUARDS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29,
37, 38 AND 50).

FIRST USE 0-0-1996; IN COMMERCE 0-0-1996.

OWNER OF U.S. REG. NOS. 2,062,378 AND
2,399,950.

THE MARK ON THE DRAWING IS LINED FOR
YELLOW AND PURPLE.

SEC. 2(F) AS TO "CLEANER'S SUPPLY".

SER. NO. 76-450,966, FILED 9-13-2002.

RICHARD DONNELL, EXAMINING ATTORNEY

EXHIBIT 3